*391 OPINION.
Mtjedook :
The petitioner claims the right to deduct from his gross income for the year 1919 an alleged loss of $1,000 sustained upon an open account with R. F. Passmore, trading as Capitol Grocery, the total amount of this account on petitioner’s books on December 31, 1919, being $8,453.78. The sum of $1,000 represented an amount which petitioner’s president, after investigation at the end of the taxable year, had determined the corporation would lose on the R. F. Passmore account.
The pertinent part of the Revenue Act of 1918, reads as follows:
Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: *******
(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;
(5) Debts ascertained to be worthless and charged off within the taxable year.
In a long line of cases beginning with the Appeal of Steele Cotton Mill Co., 1 B. T. A. 299, we have held that part of a debt can not be *392 ascertained to be worthless and charged off under the Revenue Act of 1918. Section 234(a) (5) of the Revenue Act of 1921, for the first time allowed a debt to be charged off in part where and to the extent that it was recoverable only in part. The record does not show that any loss was sustained during the taxable year. Apparently the petitioner did not feel that the loss had been sustained in that year for in his testimony we find the following:
X liacl known for some time that Mr. Passmore was in pretty bad circumstances and I had investigated pretty closely at that particular time as to how much he owed and his assets and from the information I got, I felt sure that we would have a one thousand dollar loss on that account. * * *
This petitioner finds himself in a dilemma in regard to his alleged deduction. He is not entitled to deduct the $1,000 either as a bad debt or as a loss. See Appeal of Carl Muller, 4 B. T. A. 169.

Judgment will be entered for the resfondent.

Considered by MoRris and Siefkin.